In the Matter of H. Rudolf ZEIDLER,
a/k/a Herman Rudolf Zeidler,
Bankrupt.

No. 73B1147.

United States District Court,
E. D. New York.

July 2, 1975.

Robert B. Schindler, New York City, for bankrupt.

Greenspan & Aurnou, White Plains, N. Y., special counsel to trustee.

Martin, Obermaier & Morvillo, New York City, for creditor Astrosystems, Inc.

## OPINION

PLATT, District Judge.

Astrosystems, Inc. ("ASI") an unsecured creditor in the bankruptcy of H.

Rudolf Zeidler ("Zeidler") appeals from a decision and order dated November 21, 1974 of the Hon. Boris Radoyevich, a Bankruptcy Judge of this Court, refusing to vacate an earlier designation of the law firm of Greenspan & Aurnou as special counsel to the Trustee in Bankruptcy.

ASI argued below and again here that the Greenspan & Aurnou law firm should be disqualified because of the prohibitions of Canons 5 and 9 and Disciplinary Rules 5–100 and 5–102 and Ethical Consideration 5–9 of the Code of Professional Responsibility.

Zeidler was adjudged a bankrupt on his voluntary petition filed in this Court on November 8, 1973 and William S. Brown was appointed Trustee of his estate. Zeidler had been president and principal stockholder of Linear Motion Technology, Inc. ("Linear") a corporation which had previously filed a petition under Section 322 of Chapter XI of the Bankruptcy Act on February 10, 1971, and which was adjudicated a bankrupt in this Court on May 14, 1973.

In 1970 and early 1971 Linear, Zeidler and Messrs. Greenspan and Aurnou had certain dealings with ASI out of which arose two lawsuits, one of which was a suit by Zeidler, Greenspan and Aurnou against ASI in the Supreme Court, Westchester County (Index No. 4721/1971) and the other of which was a suit in the name of Linear against ASI in the Supreme Court, Nassau County (Index No. 17967/1971) and both of which have been ordered to be tried together in the Supreme Court, Nassau County.

On September 16, 1974 Bankruptcy Judge Radoyevich entered an order upon the application of the Trustee Brown appointing the law firm of Greenspan & Aurnou as special counsel to the Trustee Brown to prosecute the aforedescribed actions against ASI for the bankrupt Zeidler.

The plaintiffs, Zeidler, Greenspan and Aurnou, were all stockholders of Linear and in such actions they claimed dam-

ages resulting from an alleged breach by ASI of certain agreements which provided for the exchange of ASI stock for the stock of Linear. ASI claims that Greenspan and Aurnou jointly owned 76,960 shares of the common stock of Linear and the bankrupt Zeidler owned 732,800 shares of such stock.

ASI points out that Mr. Greenspan verified the complaint in the Nassau County action and also verified a reply to certain counterclaims which were interposed in the Westchester County Action. The reply so interposed in such action apparently admits that "plaintiff Leon J. Greenspan and Joel Martin Aurnou, at various times participated in and consummated the execution of the agreement of March 25, 1970" (one of the agreements in question).

The reply and plaintiff's answers to the defendant's interrogatories which are also verified by Mr. Greenspan make various other allegations which tend to show Mr. Greenspan's active participation as a principal in the transaction between the plaintiffs and the defendant ASI involved in the foregoing lawsuits.

From this and various testimony given at the depositions heretofore held in such actions, counsel for ASI concludes that "Messrs. Greenspan and Aurnou will be witnesses at the trial in their individual capacity as participants in the events giving rise to the complaint." As matters now stand, they will, of course, be attorneys for themselves as well as for the bankrupt in the two actions.

In addition, counsel for ASI claims that Messrs. Greenspan and Aurnou have a "conflict of interest" with the bankrupt in that "the pretrial discovery (in the actions) indicates that financial information submitted to ASI was altered from that in possession of LMT (Linear)" and that Messrs. Greenspan and Aurnou may well differ with the bankrupt as to the responsibility for that alteration.

The Bankruptcy Judge held that he would "not engage in speculation that a member of the bar will violate the Canons of Ethics" and refused to vacate the order authorizing the Trustee to retain the firm of Greenspan & Aurnou as special counsel in the aforementioned cases.

The Bankruptcy Judge's decision appears to be correct insofar as it holds that it is premature to order Messrs. Greenspan and Aurnou to withdraw as counsel in these cases at this time. *Molded Plastic Box Company, Inc. and Bertram C. Greene v. Precision Polymers, Inc.* (S.D.N.Y. 73 Civ. 3939, December 4, 1974).

In addition, as the Court pointed out on oral argument, the application is more properly made in the court in which the case is to be tried because the Trial Judge will be in a better position to determine whether Messrs. Greenspan and/or Aurnou will be witnesses and whether a conflict does in fact exist.

However, as also pointed out on the argument, a Trial Court should not honor any request for a continuance at such time since Messrs. Greenspan and Aurnou have had ample notice of the potential problems and they should take appropriate steps now if there is any likelihood that a substitution may be required.

Parenthetically it should be noted that this Court does *not* agree with the Bankruptcy Judge that even if Messrs. Greenspan and Aurnou propose to testify at the trial, the "situation falls squarely within the exception set forth in the Code of Professional Responsibility (Canon 5) DR5–101(B) 1, 2, 4." It seems clear from the papers already submitted that any testimony given by them may well relate to contested matters and substantial evidence may well be offered in opposition thereto. Moreover, the case is not so complex that another attorney could not be briefed to try the case for the bankrupt while the firm of Messrs. Greenspan & Aurnou represents Messrs. Greenspan and Aurnou.

For the foregoing reasons the Bankruptcy Court's decision is affirmed.